## LONG *v.* ATLANTA TRUST COMPANY, trustee, *et al.*

GILBERT, J. 1. "A bona fide purchaser for value, and without notice of an equity, will not be interfered with by a court of equity." Civil Code (1910), § 4531.

2. "If one with notice sell to another without notice, the latter is protected." Civil Code (1910), § 4535.

3. The petition did not state a cause of action against the Atlanta Trust Company.

4. The court did not err in sustaining the demurrer.

*Judgment affirmed. All the Justices concur.*

No. 5562. MARCH 17, 1927.

Equitable petition. Before Judge E. D. Thomas. Fulton superior court. June 18, 1926.

George J. Long, doing business as the American Printing Company, filed petition against the Knights of the Flaming Sword Incorporated, W. J. Simmons, Mrs. William J. Simmons, Joseph E. Boston, and the Atlanta Trust Company, trustee, alleging, among other things, that the first two named defendants were indebted to petitioner in the sum of $3000 upon a promissory note signed by the Knights of the Flaming Sword Incorporated, payable to "ourselves," and indorsed by said organization, W. J. Simsons, and F. B. Johnston, dated October 5, 1924, with interest at 8 per cent. per annum from date, less a credit of $500 paid by W. J. Simmons, a copy of which was attached to the petition; that petitioner was owner and holder of said note; that payment thereof had been refused by defendants, though demanded by

Fraudulent Conveyances, 27 C. J. p. 694, n. 98, 99.
Vendor and Purchaser, 39 Cyc. p. 1761, n. 81; p. 1774, n. 54.

plaintiff; that Mrs. William J. Simmons was the wife of W. J. Simmons; that on November 6, 1924, W. J. Simmons conveyed by warranty deed certain described lands in Fulton County to Joseph E. Boston for $24,000, a part of which consideration was the assumption by said Boston of a loan upon said lands in favor of the Carolina Savings Bank; that on November 6, 1924, Boston conveyed by warranty deed a certain described piece of realty on Laurel Avenue in the City of Atlanta to W. J. Simmons for a consideration of $3500, which said sum was a part of the consideration of the conveyance by Simmons to Boston; that after execution and delivery of the deed from Boston to Simmons of said Laurel Avenue property, the name of the grantee therein was changed to Mrs. William J. Simmons without the knowledge or consent of Boston, for the purpose of transferring title to that property from W. J. Simmons to his wife, though it was an illegal, futile, and ineffectual transfer, removing no title from W. J. Simmons in law or equity, and was made for the purpose of hindering, delaying, and defrauding the creditors of W. J. Simmons; that said deed, showing said change, was filed for record May 27, 1925, a copy thereof being attached to the petition; that there was also filed for record on May 27, 1925, and recorded the following day, a trust deed, dated May 1, 1925, by Mrs. William J. Simmons to the Atlanta Trust Company, as trustee for the payee or holder of a certain note for $2000 secured by said deed, this note signed by Mrs. William J. Simmons, payable to bearer at the office of the Mortgage Bond and Trust Company, Atlanta, Georgia, due May 1, 1930, with interest at 7 per cent. per annum; that, because of the change in said deed to the Laurel Avenue property being legally ineffective as any transfer of said property from W. J. Simmons to Mrs. William J. Simmons, said trust deed did not constitute a valid conveyance of or lien upon said property; and that the Knights of the Flaming Sword Incorporated and W. J. Simmons were insolvent. Plaintiff prayed for judgment against them, as maker and indorser, for the balance of principal and interest on the note sued on, that the deed from Boston be decreed a conveyance to Simmons and not to Mrs. Simmons, that said change therein be decreed null and void, and Mrs. Simmons decreed to have no title or interest in the property involved, that her trust deed to the Atlanta Trust Company be decreed to be

without legal effect and be canceled, and that the Laurel Avenue property be subjected to such money judgment as should be rendered against Simmons and to any execution issued thereon.

The Atlanta Trust Company, trustee, filed a demurrer on the ground, among others, "that there are no facts alleged sufficient to entitle said plaintiff to proceed against this defendant in the manner and form pursued." The court passed an order sustaining this ground, dismissing the petition as to demurrant, and reciting that the other grounds of demurrer were not passed upon. To this judgment the plaintiff excepted.

*George P. Whitman,* for plaintiff.

*Jones, Evins, Moore & Powers, Homer C. Denton,* and *W. Carroll Latimer,* for defendants.